

# The Attorney General of Texas

December 27, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce. Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso. TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock. TX. 79401
806/747-5238

4313 N. Tenth. Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza. Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable George M. Cowden
Public Utility Commission of Texas
7800 Shoal Creek Boulevard
Austin, Texas 78757

Opinion No. MW-116.

Re: Payment of tuition fees under the State Employees Training Act.

Dear Mr. Cowden:

You ask whether the Public Utilities Commission may spend public funds to pay the tuition of its employees at a CPA review course. Article 6252–11a, the State Employees Training Act of 1969, permits state agencies to use available public funds to provide training and education for its administrators and employees. Sec. 3. Where the agency considers it appropriate, it may pay the tuition of a participant in the training or education program. Id. Public funds may be spent to train an employee only where the training is related to the employee's current or prospective duty assignment. Sec. 4. Regulations concerning the eligibility of administrators and employees for training and education must be approved by the Governor.

Pursuant to article 6252–11a, V.T.C.S., the Commission paid tuition for several employees in a CPA review course. So long as the Commission finds that the training provided is directly related to the duty assignments of the employees and is of sufficient benefit to the Commission, it has authority to pay tuition for an employee. Your regulations as to the eligibility of employees must of course be complied with. Prior to the enactment of article 6252–11a, V.T.C.S., this office held that state agencies might consistently with article III, section 51 of the Constitution pay certain educational expenses for their employees. See Attorney General Opinions C–671 (1966); WW–505 (1958).

It is suggested that Attorney General Opinions M–1112 (1972), C–761 (1966) and O–6637 (1945) would bar payment of the tuition in this case. We do not believe these opinions are relevant to this request. Attorney General Opinion O–6637 (1945) found that article III, section 51 of the Constitution barred payment of notary bond premiums out of public funds, while M–1112 (1972) found that a state agency could not pay licensing fees for a nursing home administrator, based on an interpretation of the relevant statute. Attorney General Opinion C–761 (1966) authorized payment of a state employee's registration fees for a conference on engineering. None of these opinions dealt with article 6252–11a or a comparably specific statute authorizing payment of tuition for state employees.

## S U M M A R Y

The Public Utilities Commission may spend public funds to pay the tuition of its employees at a CPA review course pursuant to article 6252-11a, V.T.C.S., where the training is related to the employee's duties and where eligibility is determined consistently with regulations promulgated by the Commission and approved by the governor.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Carla Cox
Bob Gammage
Susan Garrison
Rick Gilpin